SMITH RYDER, Appellant, *v.* BUSHWICK RAILROAD COMPANY, Respondent.

In an action to compel defendant, a railroad corporation organized under the laws of this state, to issue to plaintiff certain shares of its stock in exchange for certificates purchased by him in open market, by their terms entitling the holder to such shares, the following facts appeared: The full amount of stock called for by defendant's articles of incorporation had been issued by it; the certificates in question were issued by its president under the authority of its executive committee. The trial court found, upon sufficient evidence, that the issue of the certificates was not authorized or ratified by defendant's board of directors, and that plaintiff was not a purchaser in good faith for full value. *Held,* that plaintiff was not entitled to the relief sought.

(Argued May 3, 1892; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 14, 1890, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles S. Simpkins* for appellant.

*Thomas S. Moore* for respondent.

HAIGHT, J.   This action was brought to compel the defendant to issue to the plaintiff certificates for thirty shares of its capital stock, and to place his name on its books as the owner thereof, and to account of and concerning the dividends declared by the defendant thereon, and the interest on such dividends from time to time, and to pay the same over to the plaintiff; and that in default thereof the plaintiff have judgment in the sum of $5,190, with interest thereon, etc., together with the value of the dividends declared, etc.

The defendant is a corporation organized under the laws

of this state and is engaged in operating a railroad in connection with its main line known as the Tompkins avenue branch in the city of Brooklyn. By its articles of incorporation, it was authorized to issue stock to the amount of $500,000, all of which has been issued.

In the months of March and May, 1868, its president, F. W. Kalbfleisch, issued the five certificates in uestion. They are in form as follows:

> "BUSHWICH RAILROAD COMPANY,  
>     "TOMPKINS AVENUE BRANCH,  
>         "BROOKLYN, *March* 25, 1868.

"This certifies that       is entitled to five (5) shares of the capital stock of the Bushwick Railroad Company upon a surrender of this certificate at the company's office.

> "F. W. KALBFLEISCH,  
>         "*President.*

"$500.    Shares $100 each."

The plaintiff claims to have purchased these certificates in the open market, and on the 3d day of February, 1886, presented them at the defendant's office and demanded that new stock should be issued to him, and that his name should be entered upon the books of the company as the owner. The defendant, through its secretary refused, and this action was brought.

It appears that the directors of the defendant consisted of thirteen stockholders; that they had appointed of their number five to act as an executive committee, who were to have the general direction and superintendence of the affairs of the company, and were vested with full authority for constructing, repairing, equipping and operating the road, etc. But no power was given to them to issue stock.

The certificates in question, however, were issued by the president upon the authority of the executive committee.

The trial court has found as facts that such certificates were not issued by the authority of the board of directors; that they had not ratified such issue and had not authorized the

executive committee or the president to issue the same, and that the plaintiff was not a purchaser in good faith for full value.

Our examination of the case leads us to conclude that the findings are supported by the evidence.

We regard these findings as disposing of the case, for if the certificates were not legally issued and the plaintiff is not a *bona fide* holder, he is not entitled to the relief demanded. (*Barnes* v. *Brown*, 80 N. Y. 527–534; *Burrall* v. *Bushwick R. R. Co.*, 75 id. 211; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 id. 30.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.